## Henry Lloyd v. The Catlin Coal Company.

1. EQUITY—*Will Not Interfere Where There is an Adequate Remedy at Law.*—Where there is a full and adequate remedy at law, equity will not take jurisdiction.

**Bill for an Injunction.**—Appeal from the Circuit Court of Vermilion County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

LAWRENCE & LAWRENCE, attorneys for appellant.

H. M. STEELY and J. B. MANN, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity filed by the appellant to restrain the appellee from mining coal under the lands of appellant in such a way as to produce subsidence of the surface. The bill was answered, and referred to the master in chancery to take the evidence and report his conclusions of law and fact, which having been done, and the report being adverse to the appellant, he excepted to it, but the court overruled his exceptions and gave its decree confirming such report and dismissed the bill for want of equity, to reverse which this appeal is brought.

The evidence is uncertain upon the point whether subsidences will ever occur, other than those already happened—and for which a recovery at law has been had—at any rate none has subsequently happened. If such do happen, there is nothing apparent in this record why the remedy at law will not be adequate to afford appellant all the redress he is entitled to, in the way of damages to be recovered. It is of course the duty of appellee to so mine the coal under the lands of appellant, to leave sufficient supports for the surface, and we can not presume that it will designedly omit to do so, and if by want of due care it does, the remedy at law is undoubted. It would at most be imprac-

ticable for a court of equity by its decree to define, direct and enforce a system of mining, that must always depend on local surroundings for its effective and proper methods. The rules of law, we think, afford appellant a better and more effectual protection of his rights than any decree could do, in the absence of any averment of insolvency.

The decree of the Circuit Court will be affirmed.